SYKES v. LAFFERRY.

CONSIDERATION— *Waiver of right, etc.*—Where a party has a valid, subsisting claim or legal right and waives it, at the instance or request of another, such waiver is a sufficient consideration to sustain a promise made thereon.

APPEAL FROM JOHNSON CIRCUIT COURT.

Hon. W. N. MAY, *Circuit Judge.*

*Clark & Williams,* for Appellant.

The consideration for the note was the debt of Draper to Sykes, and not that of Lafferry to Draper, or rather it was a new debt, the consideration of which was the discharge of the old debt; 1 *Parsons on Cont.,* 221. It was a case of new parties by novation; *Id.* 217, and authorities cited. Such cases are not within the statute of frauds; the original debt did not remain, but was discharged; 3 *Parsons Conts.,* 20–23–24; *Nelson vs. Boynton,* 3 *Met.,* 396; *Williams vs. Leper,* 3 *Burr.,* 186; *Real Estate Bank vs. Rawdon,* 5 *Ark.,* 558.

But if a collateral agreement, and within the statute of frauds, as undertaking to pay the debt of another, still the note being given would be a compliance with the statute;

*Packhard vs. Richardson*, 11 *Mass.*, 122; *Violett vs. Patton*, 5 *Cranch*, 142; *Taylor vs. Ross*, 3 *Yerg.*, 330.

*E. H. English*, for Appellee.

The case should be dismissed for want of jurisdiction—the suit being for the " recovery of money," and the amount not exceeding fifty dollars. *Secs.* 15, 16 *and* 17, *Ark. Code; Ky. Code (Myers), Sec.* 16 *and notes.*

This court will not reverse the finding on the mere weight of evidence. There must be a total want of evidence to justify a reversal. 23 *Ark.*, 51; *Ib.*, 112; 19 *Id.*, 119.

The transaction was the mere assignment of an open account, and the execution of a note for the *same indebtedness*, and for the same consideration. *McDaniel vs. Grace*, 15 *Ark.*, 466; *Rose Dig.*, 182, *Sec.* 6.

GREGG, J.—On the 29th of May, 1866, appellant sued appellee on a note for $30, and obtained judgment in a justice's court, from which the appellee appealed to the Circuit Court, and judgment was there rendered in his favor for want of jurisdiction, which judgment was reversed on appeal to this court. 25 *Ark.*, 99.

The cause being remanded, in September, 1868, a trial was had in the Circuit Court upon the merits, and a finding and judgment for the appellee, and the case is again before this court upon an appeal.

The appellee set up a failure of consideration as a defense to the action.

The following facts appear: Lafferry, the appellee, bought a mare of one Draper, for which he agreed to pay $50; he paid $20. Draper owed Sykes, the appellant, $30. The three met together and Lafferry agreed to pay Sykes the $30, instead of paying it to Draper; and Sykes agreed to surrender his claim on Draper and take the amount on Lafferry, for which Lafferry executed to him the note on which this suit is founded. Draper left, and soon thereafter the true owner

came and obtained the mare, and it was found that Draper had no title to the mare.

On this state of facts was there a consideration for the note?

It appears that the appellant had a valid and subsisting claim against Draper, and he surrendered that for the claim on the appellee. Parsons, in his work on *Contracts*, Vol. 1, 444, says: "In general, a waiver of any legal right, at the request of another party, is a sufficient consideration for a promise," etc. *Underhill vs. Gibson*, 2 *N. H.*, 358; *Holmes vs. Dana*, 12 *Mass.*, 191.

In *Farmer vs. Stuart*, 2 *N. H.*, 100, the court, speaking of the consideration, say: "In respect to this part of the case, it is contended, first, that there was no consideration for the agreement; but, as a consideration is sufficient, if injurious to the promissee, whether beneficial or not to the promissor, this objection appears to be ill founded; because, the consideration, in this case, was the relinquishment or forbearance of a right which the plaintiff possessed," etc. *Chit. Con.*, 30; *Stebbins vs. Smith*, 4 *Pick.*, 98; *Smith vs. Weed*, 20 *Wend.*, 184.

If Lafferry had given his note to Draper for the mare, he having no title, there certainly would not have been a sufficient consideration, and Lafferry might well have set up such defense; but when Lafferry, by agreement with both Sykes and Draper, made full payment to Draper, and to extinguish his indebtedness to Sykes, gave the note in suit, he thereby formed a new obligation, and in Draper's stead became liable to Sykes for the amount of his debt. This note was not given for the mare. Draper had satisfaction for the mare, and the note was given for his indebtedness to Sykes, and, as disclosed in evidence, without Sykes knowing what consideration there had been for Lafferry's promise to Draper; and hence the consideration was good.

It is recognized law, that where one of two innocent parties must suffer loss it should fall upon him whose action pro-

·duced the result.    But it is not necessary to rest this case
upon this ground, because the authorities, above cited, clearly
hold that where one waives a right at the instance of another,
it is a sufficient consideration to sustain a promise to pay.

The judgment is reversed and the cause remanded.