### KELLY *v.* KEITH.

Opinion delivered November 4, 1905.

1. SPECIFIC PERFORMANCE—AGREEMENT TO BUY LAND FOR ANOTHER.—An agreement by an agent to purchase land for another, if founded on good consideration, is a valid contract, of which equity will require specific performance (Page 33.)

2. CONTRACT—CONSIDERATION.—Compromise of a disputed claim is sufficient consideration for a contract. (Page 34.)

3. AGENCY—ENFORCEMENT.—Where an agent undertook to purchase land for her principal for $300, and found that it could not be purchased for less than $350, which she paid without notifying her principal or giving him an opportunity either to accept or to reject the land at that price, she will be held, at his election, to have purchased for him in performance of her agreement. (Page 34.)

4. APPEAL—WHO MAY NOT COMPLAIN.—Appellant cannot complain of an error that was not prejudicial to her. (Page 34.)

Appeal from Hot Spring Chancery Court; LELAND LEATH-ERMAN, Chancellor; affirmed.

### STATEMENT BY THE COURT.

Nicholas Miller, a resident of Hot Spring County, died in the year 1880, intestate, the owner of the tract of land in controversy containing 80 acres, which was assigned, as a part of her dower, to his widow, who died in 1901. He left surviving eight children, among the number being Mrs. Mary J. Kelly, one of the defendants, and S. Thomas Miller. Appellee, John W. Keith, purchased the several interests in the lands of the other six children before the death of the widow, and also purchased the interest of Mrs. Mary J. Kelly in 1886. Under the erroneous impression that her brother, S. Thomas Miller, was dead, and that she had inherited a portion of his interest in the land, she conveyed to appellee an undivided one-seventh instead of one-eighth. She discovered afterwards that S. Thomas Miller was still alive, and, appellee asserting a liability to him for the value of the additional interest which her deed of conveyance purported to convey, she entered into on agreement in writing with appellee (the agreement being evidenced by letters which passed between the parties) whereby she undertook to purchase for appellee the interest of her brother, S. Thomas Miller, in the land, in consideration of the sum of $50 to be paid to her and the extinguishment of her alleged liability to appellee, which was estimated to be $50. According to the terms of this agreement, Mrs. Kelly was to procure the conveyance to be made to her by her brother, who, it was thought, would object to selling to appellee, and that appellee was to furnish the money with which to make the purchase. It was understood between them that the interest could be purchased for $300. Mrs. Kelly subsequently purchased the interest of her brother, took the deed to herself, reciting consideration of $350, but refused to convey to appellee. She afterwards conveyed the interest to her son, Gus Kelly, and the latter conveyed it to E. H. Vance, Jr., who in turn conveyed it to appellant Martha Kelly, the wife of Gus Kelly.

Appellant instituted this suit against appellee, setting forth her claim of title to one-eighth of the land under the aforesaid conveyances, and prayed an accounting of the rents and profits, and that the land be divided between them according to their

respective interests.   She alleged that said Mary J. Kelly intended to execute said conveyance to her (appellant) for the benefit of her children, who were the grandchildren of said Mary J., instead of conveying to Gus Kelly.

Appellee filed his answer and cross-complaint, to which said Mary J. Kelly, E. H. Vance, Jr., and Gus Kelly were made defendants, setting forth his contract with said Mary J. Kelly concerning the purchase of the interest of S. Thomas Miller. He also alleged that Mary J. Kelly paid to said Miller the sum of $300 only for said interest, and that he had tendered to her that sum, together with the sum of $50 which he had agreed to pay as commission, and stood ready to pay any sum which the court found that she paid to said Miller, and said $50 commission.   He prayed that the deeds from Mary J. Kelly to Gus Kelly, and Gus Kelly and wife to Vance, and from Vance to appellant Martha Kelly, be canceled, and the title to said interest be decreed to him.

Upon final hearing the chancellor granted the relief prayed for in the cross-complaint of appellee, and Martha Kelly alone appealed.

*E. H. Vance, Jr.,* for appellant.

Keith's claim on account of deficiency in the warranty was barred by the statute of limitation.   66 Ark. 452.

*Duffie & Duffie,* for appellee.

The statute did not begin to run until the death of the life incumbent.   42 Ark. 357.   Martha Kelly not having been subrogated to the rights of M. J. Kelly, who has not appealed, cannot be heard now to complain of the judgment as to the commissions. 2 Enc. Pl. & Pr. pp. 157-8.   An agent cannot renounce the agency without reasonable notice to the principal.   1 Am. & Eng. Enc. Law (2 Ed.), p. 1222.   And if he purchase in his own name without the assent of the principal, he will be regarded as trustee for the principal.   *Ib.* 1082 *et seq.;* 9 Ark. 518; 11 Ark. 82; 40 Ark. 146; 45 Ark. 472; 48 Ark. 169; 26 Ark. 445; 15 Ark. 312; 19 Ark. 39; 20 Ark. 272; 52 Ark. 76; 54 Ark. 627.

McCULLOCH, J., (after stating the facts.)   The proof sustains the finding of the chancellor that Mary J. Kelly agreed with appellee in writing for a valuable consideration, *i. e.,* the payment of $50 commission and the extinguishment of her alleged liability

to him for the difference in value between the interest she owned and that which her deed purported to convey, to purchase for him the interest of S. Thomas Miller. This was a valid and enforcible contract, founded on good consideration, and a court of equity should require the specific performance of same. This is but the application of a familiar equitable doctrine, and needs no citation of authority to sustain it. *McMurry* v. *Mobley,* 39 Ark. 309; 1 Am. & Eng. Enc. Law, p. 1082, and cases cited. It is not important to inquire whether Mrs. Kelly was in fact indebted to appellee upon the warranty in her deed conveying the one-seventh interest, or whether the same was barred by limitation. Whether it was a valid and subsisting liability or not, its assertion by appellee and the agreement to extinguish the same was sufficient to constitute a valid consideration for Mrs. Kelly's undertaking to purchase the remaining interest in the land for appellee. *Richardson* v. *Comstock,* 21 Ark. 69; *Sykes* v. *Lafferry,* 27 Ark. 407; *Burton* v. *Baird,* 44 Ark. 556; *Mason* v. *Wilson,* 43 Ark. 177.

Appellant says further that appellee cannot claim the benefit of the purchase because he refused to pay the price asked by Miller for his interest. It is true that appellee did decline to pay $500 for the interest, but Mrs. Kelly purchased it for $350, and the correspondence does not show that $300 was the maximum price which appellee authorized her to pay. She agreed to purchase the land for him, and both fixed $300 as a fair price for it, and she assured him that she could purchase it from her brother at that price. When she ascertained that she could not buy it for less than $350, she should, before purchasing for herself at that price, have notified appellee, and given him an opportunity to either accept or reject that offer. Having failed to do so, she must, at his election, be held to have purchased for him in performance of her agreement.

Appellant also complains that the chancellor erred in holding that appellee should not be required to pay the $50 commission in addition to the $350 purchase price paid by Mrs. Kelly to Miller. She is in no position to complain at this ruling, as the $50 were to be paid to Mrs. Mary J. Kelly as compensation for her services, and appellant was not subrogated to her right

to secure it. Mary J. Kelly is the only party who can complain, and she has not appealed from the decree.

We find no error in the proceedings and conclusion of the chancellor, and his decree is affirmed.