### FISHER *v*. SKINNER.

Opinion delivered March 2, 1914.

CONTRACTS—CONSIDERATION—MUTUALITY.—Defendant agreed to sell to plaintiff an ice plant, and at defendant's request, plaintiff agreed to allow defendant to sell the plant to other parties, for a consideration of five hundred dollars; *held*, the contract was not void for lack of mutuality.

Appeal from Randolph Circuit Court; *C. H. Henderson,* Special Judge; reversed.

#### STATEMENT BY THE COURT.

Appellant was the plaintiff below and stated his cause of action as follows: That prior to November 20, 1912, defendant had agreed with plaintiff to sell plaintiff a certain electric light, ice and power plant, which defendant then owned, situate in the town of Pocahontas, Arkansas. That on the date aforesaid, defendant, being at the time bound by said agreement to sell said plant to plaintiff, agreed with plaintiff, both verbally and in writing, that if plaintiff "would step out" and leave de-

fendant free to sell his plant, which he had agreed to sell plaintiff, to other parties with whom he was then negotiating, that defendant would pay plaintiff $500 if such sale were made by defendant, when made. Plaintiff filed a copy of the defendant's written agreement as aforesaid, marked exhibit "A," and made it a part of his complaint.

Plaintiff further alleged that pursuant to defendant's said offer and agreement, plaintiff did "step out and leave defendant free to sell said plant to said parties;" that defendant on the ...... day of January, 1913, did sell said plant to said parties, towit, Morrison and McCall, of St. Louis, Missouri, and certain associates of theirs, at a price considerably in excess of the price at which defendant had formerly agreed to sell said plant to plaintiff. That, in agreeing to "step out and leave defendant free to sell said plant to other parties," and in so stepping out and permitting him to make such sale of said plant, plaintiff lost the profits which were realized by defendant, in the difference between the price at which defendant had agreed to sell to plaintiff, and the price at which he did sell to the other parties. Plaintiff further alleged that he was induced to "step out" and permit defendant to sell the property to other parties at such advanced price, solely and purely by defendant's offer and agreement to pay plaintiff the sum of $500 if such sale were made to the other parties. Plaintiff alleged that he had repeatedly demanded of defendant that he pay plaintiff the $500 as agreed upon, but that defendant has at all times refused and failed, and still refuses to pay said sum or any part thereof, and that by reason of the premises aforesaid, defendant is justly indebted to him in the sum of $500 with interest thereon from the 6th day of January, 1913.

The exhibit "A" referred to in the complaint reads as follows:

"November 20, 1912.

"Mr. L. E. Fisher, 512 Liggett Building, St. Louis:

"Dear Sir: Confirming my verbal statement to you, if you will step out and leave me free to sell my plant,

which I had agreed to sell you, to parties with whom I am negotiating, I will pay you $500 if such sale is made by me, when made by me. If I do not make such sale, then you may purchase plant at price and conditions agreed upon, or help me sell so I will get that price net to me.

(Signed)     ''W. H. Skinner.''

To this complaint appellee filed a general demurrer, ''and for cause says that said complaint does not state facts sufficient to constitute a cause of action against this defendant.'' This demurrer was by the court sustained, and, as appellant elected to stand on his complaint, it was dismissed, and he has appealed from that judgment.

*T. W. Campbell,* for appellant.

Where one party has a claim against another and the latter makes an express promise to the former to pay him a certain sum of money in lieu of the claim which promise is accepted and the former claim relinquished, such relinquishment of the former claim is a valid consideration to support the new promise to pay, and this is true, even if the former claim was groundless and without any merit. 101 Ark. 335; 21 Ark. 69; 27 Ark. 407; 29 Ark. 131; 31 Ark. 222; 68 Ark. 82; 44 Ark. 556; 43 Ark. 172; 74 Ark. 270.

*S. A. D. Eaton,* for appellee.

The complaint does not show that appellee, at the time of making the alleged agreement, was under any obligation, either legal or moral, to convey the plant mentioned therein to appellant, neither does it state facts that would show that appellant ever agreed to purchase the plant from appellee. Without such agreement by appellant, there could be no valid contract between the parties. 35 Ark. 17; 64 Ark. 398; 156 S. W. (Ky.) 1069; 9 Cyc. 327, and cases cited in note 20; 9 Cyc. 317 (b), and cases cited in note 45; *Id.* 318 (d), and note 68; 55 Ark. 372; 83 Ark. 150; *Id.* 170; 100 Ark. 514.

Had the alleged agreement been binding upon appellee at *some time* ''prior to November 20, 1912,'' still there is nothing in the complaint to show that it was in

force when the agreement sued on was made. This omission is not cured by the allegation that "defendant, being at the time bound by said agreement to sell said plant to plaintiff," because that allegation is a mere conclusion of law. 31 Cyc. 50, and note 70, cases cited.

SMITH, J., (after stating the facts). Appellee insists that the demurrer was properly sustained because the complaint does not show that appellee at the time of making the alleged agreement sued on, or at any other time, was under obligation to convey to the appellant the plant therein mentioned, and that, although the complaint alleges that appellee had agreed to sell the plant to appellant, yet it does not allege that appellant had agreed to buy. In support of this position, appellee cites us to decisions of our own, and other courts, where contracts were declared void for want of mutuality. But we think the paper writing sued on, the terms of which are fully recited in the complaint, is not subject to that objection, when read in connection with the other allegations of the complaint. It is alleged "that prior to November 20, 1912, defendant (appellee) had agreed with plaintiff (appellant) to sell plaintiff a certain electric light, ice and power plant, which defendant then owned, situate in the town of Pocahontas, Arkansas," and that defendant was at the time bound by said agreement to sell said plant to plaintiff, and that in consideration of appellee's promise to pay the $500 he did permit appellee to negotiate and make a sale to another party. Besides, this is not a suit to enforce the contract for the sale of the plant to appellant, but is a suit upon the subsequent agreement, by which appellant seeks to recover the five hundred dollars there promised him, to waive such rights as he had to insist upon a sale to him of the property in question. The complaint alleges that he waived this right in consideration of the five hundred dollars promised, and the contract is not therefore void for want of mutuality.

Appellee further contends that, although the complaint may have alleged that there was a valid and bind-

ing contract on the part of the appellee "some time prior to November 20, 1912," yet there is no allegation to show that any such agreement was in force when the writing sued on was executed. We think this construction of the complaint is too narrow, when its allegations are considered on demurrer. The reasonable interpretation, of the allegation of the complaint, is that the contract was made prior to November 20, and was regarded as an enforceable obligation on that day, at which time it was proposed to appellant that he "step out" and leave appellee free to sell to other parties, with whom he was then negotiating.

The judgment of the court dismissing the complaint will be reversed, and the cause will be remanded with directions to the court to overrule the demurrer to the complaint.