## SKINNER v. FISHER.

Opinion delivered July 12, 1915.

1. STATUTE OF FRAUDS—WAIVER.—An oral contract for the conveyance of lands raises a moral obligation, and the vendor need not plead the statute of frauds, in an action for specific performance.

2. CONTRACTS—CONSIDERATION—MUTUALITY.—A. agreed orally to sell an electric plant to B., and later in writing offered to give B. $500 if B. would release him and permit a sale to another party; B. did so, and then sued A. for the $500. *Held*, B.'s waiver of the statute of frauds was a sufficient consideration for A.'s promise, and A. can not avoid it for lack of mutuality.

Appeal from Randolph Circuit Court; *J. B. Baker,* Judge; affirmed.

## STATEMENT BY THE COURT.

The appellee sued appellant, alleging, in substance, that appellant owned a certain electric light and ice plant in Pocahontas; that on the 8th day of November, 1912, appellant and appellee entered into a verbal executory agreement whereby appellant was to sell, and appellee to buy, the plant for the sum of $10,500, it being understood that appellant would do certain things, towit, furnish a certified copy of the ordinance allowing the maintenance and operation of the system and recording a trustee's deed and other things in regard to making the abstract of title and the execution of a warranty deed to the appellee by the appellant, together with an indemnity bond, conditioned to hold appellee harmless in the possession of the property; that on the 20th day of November, 1912, appellant made to appellee the following proposition: "Confirming my verbal statement to you, if you will step out and leave me free to sell my plant, which I agreed to sell you, to parties with whom I am negotiating, I will pay you $500 if such sale is made by me, when made by me. If I do not make such sale, then you may purchase plant at price and conditions agreed upon, or help me sell, so I will get that price net to me." This proposition was in writing and signed by appellant. That at the time the proposition was made, the verbal agreement between them for the sale and purchase of the property was in full force and effect; that appellee immediately accepted the written proposal of appellant, but with the distinct understanding and agreement that if appellant did not sell the property to the other parties with whom he was then negotiating that appellee should retain his rights under the contract of sale above mentioned; that the appellant sold the plant to the other parties on the 10th of January, 1914, for a sum in excess of the amount he had agreed to accept from the appellee; that appellant refused to pay appellee the $500, or any part thereof, for which appellee prayed judgment.

Appellant answered, admitting that he executed the writing sued on, but alleged that same was without consideration. He further set up that on the day the written

proposal sued on was executed, appellant called upon the other parties with whom he had been negotiating for the purpose of selling them the plant, but failed to effect a sale of same and immediately thereafter so informed the appellee, and again offered to sell the appellee the plant upon the terms above agreed upon; that appellant and appellee then resumed negotiations for the sale of the plant, but that the sale was not concluded on that day; that about the 3d of January, 1913, appellant called upon appellee and insisted that the deal be closed, whereupon the appellee raised other objections, and was then told by appellant that the deal was off. After that, about the 15th of January, 1913, appellee sold the plant to other parties.

By agreement, the cause was tried by the court sitting as a jury.

It could serve no useful purpose to set out the testimony in detail. There was testimony on the part of the appellee and the appellant tending to support the allegations of their respective pleadings. Such facts as may be necessary will be stated in the opinion.

The court made a general finding of facts and declared the law in favor of the appellee and rendered judgment in his favor in the sum of $500 with interest at 6 per cent. from November 23, 1914, from which this appeal has been duly prosecuted.

*S. A. D. Eaton,* for appellant.

1. There was no consideration for the contract sued upon, and there was no mutuality between appellant and appellee concerning the sale of the plant by the former to the latter, prior to the execution of the agreement sued upon. Without such mutuality, there could be no contract between them. 35 Ark. 17; 64 Ark. 398; 156 S. W. 1069; 174 *Id.* 393; 9 Cyc. 327, and cases cited.

2. If there had been a definite verbal agreement touching such sale, yet, since the plant was real estate, it was within the statute of frauds, and not enforceable. Kirby's Digest, § 3654; 66 Ark. 26. Forbearance from insisting upon the performance of an unenforceable contract does not afford a valid consideration for a new con-

tract.   9 Cyc. 341, 342, and cases cited; 20 Ala. 309; 13
Ill. 140; 122 Ind. 211; 62 Kan. 743; 78 Ky. 550; 135 Mass.
310; 160 Mo. 159.

3.   The alleged agreement to purchase, viewed in the
light most favorable to appellee, amounted to nothing
more than an option given appellee for an indefinite time
to purchase the plant, and that upon an improbable con-
dition.   Such an agreement is not enforceable.   9 Cyc. 317
(b), and cases cited.   A promise to pay money where
there is no legal obligation to pay is not enforceable.   55
Ark. 372; 83 *Id.* 150; *Id.* 170; 100 *Id.* 514; 9 Cyc. 318 (d),
and cases cited.

4.   The writing sued on, if valid, was an alternative
obligation.   Appellant was under no obligation to sell the
plant to the parties with whom he was negotiating, and,
unless he did make such sale, no action would accrue on
the agreement, unless appellant thereafter refused the ap-
pellee an opportunity to purchase, in accordance with the
other alternative of said agreement.   There could be no
breach of the contract unless appellant refused to perform
both alternatives.   19 Am. Dec. 661; 9 Cyc. 647, and cases
cited.

5.   After failure of appellant's negotiations to sell,
when he returned to appellee and offered to resume nego-
tiations with appellee for the sale of the plant upon the
previously agreed terms and conditions, and the negotia-
tions were resumed, then there was an election by both
parties between the two alternatives which became irrevo-
cable.   30 Ark. 453; 65 Ark. 380; 9 Cyc. 648.

*T. W. Campbell,* for appellee.
1.   As to whether the contract is supported by a valid
consideration, and also the proper construction of the con-
tract were both decided adversely to appellant's conten-
tions on the former appeal.   112 Ark. 190.

That there was mutuality and full agreement of the
parties is sufficiently shown in the evidence; but this ques-
tion and the question whether the verbal agreement comes
within the statute of frauds, while they might have been

raised in an action to enforce the verbal agreement, can not be raised in this case. *Id.* 193.

The rule is uniform in this State that the compromise of a disputed claim or forbearance to insist upon an alleged right under a contract is a sufficient consideration to support an express promise, although there may have been no merit nor foundation for such claim or the contract was utterly unenforceable. 112 Ark. 190; 101 Ark. 335; 43 *Id.* 172; 74 *Id.* 270; 27 *Id.* 407; 29 *Id.* 131.

The early English rule in this respect was never adopted in this State, has been overruled by modern English cases and repudiated by most of the States of this country. See 163 Ill. 433, 45 N. E. 281; 51 Ala. 529; 100 Cal. 339; 128 Ill. 110, 21 N. E. 196; 180 Mass. 170; 62 N. E. 248; 87 Ind. 348; 37 Ia. 255; 35 Kan. 668; 27 Md. 157; 46 Pa. St. 252; 128 N. Y. 324; 28 N. E. 499.

2.    Under the obligation sued upon, appellee was assured of receiving one of two rights, viz., $500, if appellant sold the property to the other parties, or the property itself if appellant did not sell to the other parties. Appellee has not been permitted to receive either of these rights. His right of recovery can not be doubted.

Wood, J., (after stating the facts). Appellant contends that there was no mutuality between the appellant and the appellee concerning the verbal executory contract for a sale of the electric light plant; that such verbal contract was impossible of performance on account of certain conditions imposed by the appellee upon the appellant under the terms of that contract. Appellant also contends that this verbal contract was concerning the sale of real estate, and was therefore void under the statute of frauds. But these questions are not germane to this suit, for this is not a suit to enforce the alleged verbal agreement for the sale of the electric light plant, but is a suit to recover on the written contract of November 20, 1912. A similar suit was instituted by the appellee against the appellant once before, based upon the same contract, and found its way to this court. (*Fisher* v. *Skinner,* 112 Ark. 190.)

In that case we held that the suit was not to enforce the contract for the sale of the plant by Skinner to Fisher, but was a suit upon the subsequent agreement by which Fisher sought to recover the $500 promised him in the written contract if he would waive such rights as he had to insist upon a sale to him by Skinner of the property in question. We said: "The complaint alleges that he waived this right in consideration of the $500 promised, and the contract is not therefore void for want of mutuality." The contract sued on shows mutuality and the promise of appellant to appellee is based upon a sufficient consideration. The contract sued on acknowledges the obligation that appellant was under to sell to appellee the property and its recitals clearly show that appellant believed at the time that the appellee had rights under the verbal executory agreement for the sale of the property which would at least prevent appellant from making a sale to the other parties with whom he was conducting negotiations at the time of the execution of the contract sued on. The language "if you will step out and leave me free to sell my plant" clearly shows this, and the language "which I agreed to sell you," indicates that appellant acknowledged the binding force of the executory verbal agreement.

Even though the statute of frauds might have been interposed if an effort had been made on the part of the appellee to enforce the verbal agreement for the sale of the plant to him by the appellant, still in such case it would not be obligatory upon the appellant to plead the statute of frauds in defense. It would at least be optional with him whether he did so or not, and his verbal contract to sell the property would at least impose upon him a moral obligation, and the appellee would at least have had the right to sue upon the contract and put the appellant to the test as to whether he would set up the defense of the statute of frauds. See *Hamburg Bank and T. N. Doyle* v. *Ed Ahrens, C. J. Brown, et al.*, 118 Ark. 548. Therefore, the verbal agreement gave to the appellee rights which would have warranted him in interfering with an attempted sale of the property to other parties. Appellant, as we

have seen, when he signed the contract in suit, acknowledged those rights and the binding obligation he was under to make the sale he had verbally agreed to make, and promised to pay the $500 as a consideration for his abandoning his rights under the verbal contract, even though appellant now disputes that appellee had such rights. The contract sued on plainly shows an agreement on the part of the appellant to pay appellee the sum of $500 for whatever alleged rights the appellee had under the verbal contract, whether these rights were susceptible of enforcement or not. As we construe the contract, the above is its plain meaning.

The rule established by this court since *Sykes* v. *Lafferty,* 27 Ark. 407, is that "Where a party has a valid, subsisting claim or legal right and waives it, at the instance or request of another, such waiver is a sufficient consideration to sustain a promise made thereon." See, also, *Snow* v. *Grace,* 29 Ark. 131; *Mason et al.* v. *Wilson et al.,* 43 Ark. 172; *Satchfield* v. *Laconia Levee Dist.,* 74 Ark. 270; *Fender* v. *Helterbrandt,* 101 Ark. 335; *Fisher* v. *Skinner, supra,* and other authorities cited in appellees' brief.

Viewing the contract in its most favorable light for appellant, it was in the nature of a settlement between him and the appellee, whereby appellant agreed to pay appellee the sum of $500 if the latter would abandon all claims that he had under the verbal contract for the sale of the property. A settlement in good faith of a controversy concerning a subject-matter about which the parties have honestly disagreed can not be successfully impeached in a court of justice. 5 R. C. L. pp. 882, 883, and cases cited in note. By analogy, the above authorities are applicable here.

Appellant further contends that the contract in suit, viewed in its most favorable light for the appellee, gave him the right, if the sale was not consummated with the other parties, to either accept the $500, or, in the alternative, the right to purchase the plant at the price and conditions agreed upon, and that inasmuch as the proof shows that appellant and appellee entered upon negotia-

tions for the purchase of the property after the execution of the contract in suit these negotiations showed that appellee had elected to purchase the property; but we can not agree with learned counsel for appellant in his construction of the contract. As we view the contract, it granted to the appellee no alternative rights, but simply the right to demand of the appellant the sum of $500 when the appellant made the sale to the parties with whom he was negotiating at the time the contract was executed. The uncontroverted evidence shows that the appellant did make this sale, and that appellee did not interfere to prevent him. In other words, the court was warranted in finding that appellee "stepped down and out," and that appellant made the sale to the "parties with whom he was negotiating" at the time of the execution of the contract sued on, which facts matured appellee's right under the contract to the $500. It will be observed that the contract giving the appellee this right was without qualification or condition, and that time was not of its essence. Under the contract, if the appellant had not made the sale then, appellee would have had the right to purchase the plant under the terms of the verbal agreement. Appellee was not put to any election, and did not waive or abandon his right to insist upon the payment of the $500 when the appellant made the sale of the property to the other parties. The negotiations between the appellant and the appellee concerning the sale of the plant between the time of the execution of the contract and the time when appellant consummated the sale to the parties with whom he was negotiating at the time the contract was executed did not constitute a waiver or abandonment upon the part of the appellee of his right to demand of appellant the $500 promised under the contract when the latter consummated the sale to the other parties.

The findings of fact and conclusions of law by the trial court were in all things correct, and its judgment is therefore affirmed.