## CORILANUS THORP, Appellant, v. WESTERN UNION TELEGRAPH COMPANY, Respondent.

### Kansas City Court of Appeals, May 7, 1906.

1. **TELEGRAMS: Measure of Damages: Sales.** Where a sale of apples is prevented by the failure of the telegraph company to transmit a message as filed, the proper measure of damages is the difference in the market price at the place of delivery and the price the seller was willing to pay; and if there was no difference then the cost of the telegram alone.

2. ———: ———: **Special Damages: Remote.** Special damages will not be awarded where they are remote and speculative in their character. However, a line between remote and approximate damages may become exceedingly shadowy.

3. **SALES: Damages: Speculative: Evidence.** On the evidence in the record it is held that the damages are not merely speculative and contingent since the seller had a purchaser ready and willing to buy at his price, and the sale was only prevented through the negligence in the transmission of his message.

4. ———: ———: **Special Notice: Telegram.** Provisions in a contract for notice within sixty days after the filing of a telegraphic message are reasonable and enforcible.

Appeal from Platte Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*James H. Hull* for appellant.

(1) The sole question for decision is the measure of damages for which the defendant is liable under the state of facts presented by the pleadings and the evidence, the defendant claims that because there was no subsisting contract between plaintiff and McCrossan Fruit Co. the defendant is not liable for any loss sustained and is only liable for the price paid for the sending of the message, about fifty-three cents. I am unable to find a decision in this State that will bear out this position of the defendant. (2) The case at bar is on all fours with the Markel case, there was no contract existing in that case, but the party to whom the message was sent was permitted to testify that he would have accepted the proposition submitted in the message had he received it in time and he was awarded damages. This case has never been overruled but is cited with approval in later decisions of this State. Markel v. Telegraph Co., 19 Mo. App. 80; Hughes v. Telegraph Co., 79 Mo. App. 140; Reynolds v. Telegraph Co., 81 Mo. App. 223; Barrett v. Telegraph Co., 42 Mo. App. 542; Telegraph Co. v. Fenton, 52 Ind. 3; Barnett v. Telegraph Co., 39 Mo. App. 599. (3) The law imposes upon the defendant a duty which it owes to persons sending messages and in nearly all or quite all of the cases decided in this State on this statute, section 1259, R. S. 1899, there was no sustaining contract between plaintiff and a third party, the question being did plaintiff sustain damages on account of the negligence of the defendant. Lee v. Telegraph Co., 51 Mo. App. 375; Reed v. Telegraph Co., 135 Mo. 661; McGregor v. Telegraph Co., 85 Mo. App. 308; Bliss v. Telegraph Co., 30 Mo. App. 103; Wood v. Telegraph Co., 59 Mo. App. 236; Kendall v. Telegraph Co., 56 Mo. App. 192; Montgomery v. Telegraph Co., 50 Mo. App. 590; Smith v. Telegraph Co., 57 Mo. App. 259; Barrett v. Telegraph Co., 42 Mo. App. 542; Markel

v. Telegraph Co., 19 Mo. App. 80.   (3)  In this suit for damages, resulting from errors in the transmission of a message, it was shown that the message was not transmitted as it was written and delivered to the defendant and that the party to whom it was sent acted upon it as it was received, makes a prima facie case against the defendant and it offered no evidence whatever.   Reed v. Telegraph Co., 135 Mo. 661; Kendall v. Telegraph Co., 56 Mo. App. 192; Hughes v. Telegraph Co., 79 Mo. App. 133; Smith v. Telegraph Co., 57 Mo. App. 258; Barrett v. Telegraph Co., 42 Mo. App. 542; Markel v. Telegraph Co., 19 Mo. App. 80.

*Karnes, New & Krauthoff* for respondent.

(1)  The burden of showing that the court should not have granted a new trial on the ground assigned by the court rests on the appellant while the burden of showing that a new trial should have been granted on other grounds rests on the respondent.  Candee v. Railway, 130 Mo. 142; Millar v. Car Co., 130 Mo. 517.   (2)  This issue was too remote, speculative and contingent to have been submitted to the jury.  Reynolds v. Telegraph Co., 81 Mo. App. 223; Postal v. Bartwise, 53 Pac. 252; Bank v. Telegraph Co., 30 Ohio St. 555; Hughes v. Telegraph Co., 79 Mo. App. 138; 8 Am. & Eng. Ency. of Law, (2 Ed.), p. 618; Hughes v. Hood, 50 Mo. 350; Ables v. Telegraph Co., 37 Mo. App. 555; Telegraph Co. v. Hall, 124 U. S. 444; Lumber Co. v. Telegraph Co., 44 S. E. Rep. 309; 52 W. Va. 410; Smith v. Telegraph Co., 83 Ky. 109; Transportation Co. v. Morrison, 178 U. S. 262; Johnson v. Telegraph Co., 29 So. 787; 79 Miss. 58. (3)  If Mr. Thorp had had a valid contract with McCrossan Fruit Company for the sale of the five cars of apples and the McCrossan Fruit Company had refused to have carried out its contract Mr. Thorp's measure of damages against the Fruit Company would have been,

the difference between the contract price and the market price on the day when the vendee ought to have accepted the goods according to the contract. Holly v. Railway, 34 Mo. App. 202; Rickey v. Tenbrook, 63 Mo. 563; Halliday & Co. v. Lesh, 85 Mo. App. 285. From the above cases it is clear that in no event could plaintiff hold the apples indefinitely and recover damages for decay and repacking and dispose of his other apples in the meantime. Boot & Shoe Co. v. Telegraph Co., 49 Mo. App. 99; Thompson v. Railroad, 22 Mo. App. 321; Massengale v. Telegraph Co., 17 Mo. App. 257.

BROADDUS, P. J.—This is a suit against the defendant company for failure to deliver a telegraph message as delivered by the plaintiff. On the 29th day of October, 1902, the plaintiff received from the hands of the defendant the following message:

"Sioux Falls, S. D., Oct. 29, 1902.
"C. Thorp, Weston Mo.

"Give price — five cars number one cold storage apples.

"B. C. McCrossan Fruit Co."

On the same day in answer to said telegram, the plaintiff delivered to the defendant for transmission and delivery the following message:

"Weston, Mo., Oct. 29, 1902.
"To B. C. Crossan Fruit Co., Sioux Falls, S. D.

"Two fifteen largely Ben Davis, fifth Willow Twig, few Gano Missouri Pippin.

"C. Thorp."

The latter message when delivered read "two fifty" instead of "two fifteen," as contained in the original.

On receipt of this message, the fruit company telegraphed plaintiff that his price on his apples at $2.50 per barrel was too high and bought apples elsewhere. When the fruit company learned, on October 31, that

118 App—26

the price of plaintiff's apples was $2.15, instead of $2.50 per barrel, its secretary, H. H. Jones, wrote to plaintiff that he would have taken five carloads of his apples had he received the correct message giving the price of his apples at $2.15; and enclosed the mutilated message he had received. Jones also testified that his company wanted plaintiff's apples and would have taken the five carloads at the price plaintiff offered them in his message as delivered to the defendant.

The plaintiff to sustain his claim for damages, for failure of defendant to transmit and deliver his message as written, introduced evidence to show loss in decay of the apples, and expense of culling and repacking them for market, and that from thirty to sixty days from the date of his message he sold them at a price of less than $2.15 per barrel. The court, at the instance of the plaintiff, instructed the jury that if they found for the plaintiff in making up their verdict they would take into consideration the loss plaintiff sustained by reason of the decay of the apples, for his time and expense in culling and repacking them and for the fifty-three cents paid for the telegram.

The jury returned a verdict for $267.50. The court on defendant's motion for a new trial set aside the verdict for the error in giving said instructions as to the measure of plaintiff's damages. From this action of the court in setting aside the verdict and granting a new trial plaintiff appealed.

The action of the court in sustaining the motion for a new trial was proper. We cannot see upon what theory the defendant would be chargeable with the decay of the apples or the labor of culling and repacking them. Some of them were kept for a month and others two months after the date of said message: in the meantime they deteriorated in quality by reason of decay and had to be reculled and repacked. There is no good reason why defendant should be charged with this loss. The

proper measure of plaintiff's damages was the difference in the market price of the apples at Weston, the place of delivery, and the price the B. C. Crossan Fruit Company was willing to pay for them. In other words, at what price could plaintiff have sold them? Suppose he could have sold them for a price equal to that he offered them to the fruit company, it would have been his duty to have done so. His damages in that event would have been measured by the cost of the telegram alone. The proper rule is stated in Holly v. Railway, 34 Mo. App. 202.

The defendant contends that the action of the court can be upheld on the ground that plaintiff was only entitled to recover for the costs of the telegram, or otherwise that under the facts he was not entitled to special damages of any kind. On this question many cases have been cited by the respective parties, which we do not deem it necessary to review, as each one is predicated on facts peculiar to itself. But it is sufficient to say that special damages will not be awarded where they are of a remote and speculative character. But it was well said in Smith v. Telegraph, 83 Ky. 104, that "The line between the proximate and remote damages is exceedingly shadowy; so much so, that one fades away into the other, rendering it often very difficult to determine whether there is such a connection between the wrong alleged and the resulting injury as to place them, in contemplation of law, in the relation of cause and effect."

Where a carrier negligently delayed to transport and deliver goods intrusted to him, he was held liable in damages for the difference in their value when and where they ought to have been delivered, and their market value at the same place on the day when they were delivered. "This was held to be the measure of damages, because such a change in value was the direct result of the delay in performing the contract, and might well be supposed to have been in contemplation of the

parties when the contract was made." [Cutting v. Railway, 13 Allen 381.] The same rule was applied to a failure of duty on the part of a telephone company to deliver a message: [Squire v. Telegraph Co., 98 Mass., Beale's Cases on Damages, 135.] It would be a burdensome task to cite the numerous cases in the Missouri Reports similar in principle, wherein shippers have been allowed special damages from carriers for negligent delay in the transportation and delivery in market of cattle and other animals.

The evidence shows that the plaintiff's damages were not merely speculative and contingent. In the first place, the fruit company wanted to buy his apples and requested to know his price. He offered them at a price at which the company was willing to take them and would have bought them had the plaintiff's message been delivered correctly. In other words, plaintiff had a purchaser ready and willing to buy at his price and a sale was only prevented through the negligence of defendant in the transmission of his message. The damage plaintiff suffered was the direct consequence of defendant's negligence. The case is similar in principle to that of Harper v. Telegraph, 92 Mo. App. 304.

The defendant further contends that plaintiff was not entitled to special damages by reason of his failure to present in writing to defendant his claim for damages within sixty days after his message was filed with the company. These provisions in contracts are held to be reasonable and therefore enforceable. [Smith-Frazier Boot & Shoe Co. v. The Telegraph Co., 49 Mo. App. 99.] the defendant's contention in that respect is sustained. For the reasons given the cause is affirmed. All concur.