9437

HART v. WESTERN UNION TELEGRAPH CO.
(89 S. E. 387.)

Telegraphs and Telephones —Negligence —Proximate Cause. —However negligent the telegraph company may have been in delaying delivery of a death message, it was not liable where plaintiff was prevented from attending the funeral by illness of his wife, since the negligence was not then the proximate cause of the injury.

Before Rice, J., Darlington, ——, 1915.   Affirmed.

Action by A. G. Hart against the Western Union Telegraph Company.   Judgment on directed verdict for defendant, and plaintiff appeals.

*Messrs. Miller & Lawson,* for appellant, submit: *Issue as to proximate cause was for jury;* and cite: Ann. Cas. 1913b, 351; 60 S. C. 201; 40 L. R. A. 211; 69 S. C. 534; 103 S. C. 321; 102 S. C. 285; 68 S. C. 64; 65 S. C. 332; 55 S. C. 179; 65 S. C. 97; 54 S. C. 503; 52 S. C. 336; Joyce on Electric Law, section 816a.

*Messrs. Albert T. Benedict* and *Willcox & Willcox,* for respondent, cite:. *As to necessity for proving proximate cause:* 84 S. C. 61; 90 S. C. 132 and 281; 93 S. C. 318; 96 S. C. 423; 76 S. C. 202; 101 S. C. 334.  *Speculation excluded:* 65 S. C. 490; 76 S. C. 345.

July 3, 1916.

The opinion of the Court was delivered by Mr. Justice Watts.

This was an action for damages by the plaintiff against the defendant for alleged wilful and negligent failure of defendant to transmit and deliver promptly a telegram, informing the plaintiff of the death of his brother-in-law in Savannah, Ga.   After issue joined the case came on for

trial at the Fall term of Court, 1915, for Darlington county before Judge Rice and a jury, and at the close of all the testimony in the case a motion for a directed verdict was made upon various grounds. The motion was sustained upon one of the grounds, the Judge using the following language:

"The Court: Mr. Miller, I will have to direct a verdict in this case. In other words, under the admitted facts in this case, the plaintiff is not entitled to recover. That is the sum and substance of the whole matter. Now, I am not going to take up our time arguing or explaining that any further. I think, so far as any injury resulting to the plaintiff, came about by the delict of the defendant, why you have failed to prove that. And it does not matter how negligent the telegraph company might have been, if he did not suffer any injury by reason of that negligence, why then he cannot recover; unless such negligence is the proximate cause of some injury to him, he cannot recover. I don't know any plainer proposition of law than that, and in this case he has failed to prove that. In fact, the admitted facts, facts which cannot be disputed, show that he is not entitled to recover. The other grounds, I don't think it is necessary for me to pass upon."

After entry of judgment plaintiff appeals, and by five exceptions questions the correctness of the Court in directing the verdict. The exceptions present the sole issue whether the alleged pain and suffering of the plaintiff as set forth in his complaint was due to the negligence of the defendant as a proximate cause thereof. That allegation is:

"That by reason of defendant's wanton and wilful conduct and gross negligence in failing to promptly transmit and deliver said message as aforesaid, the plaintiff was caused great mental anguish, pain, and suffering not to have had the privilege of seeing his dead brother's face for the last time, of being with the family before burial, of assuring them of plaintiff's intention to go himself and to accompany

his wife to the bereaved home, of comforting in some measure the grief-stricken ones, and of attending the funeral—all to plaintiff's damage $1,900."

The evidence conclusively shows by the plaintiff's own admission that the nervous condition of his wife and her sickness alone prevented him from leaving Hartsville the next day and attending the funeral. The failure or neglect upon the part of the defendant to promptly deliver the message was not the cause of plaintiff's failure to attend the funeral, but the sickness of the plaintiff's wife, a subsequent independent intervening cause having no connection with the negligence of defendant's company, was sufficient to prevent his going. It appears the reason he did not go to the funeral was not on account of the delay in delivering the telegram sent him the day before, but because of his wife's sickness. The defendant's negligence was not the proximate cause of plaintiff's failure to attend the funeral, and under the allegations of plaintiff's complaint and the evidence in the case his Honor was not in error in directing a verdict. The sickness of the wife was the intervening cause, and prevented the negligence of the defendant's failure to promptly deliver the telegram from being the proximate cause of plaintiff's injury in not attending the funeral and in not making defendant liable. *Kilpatrick* v. *City of Spartanburg et al.,* 101 S. C. 340, 85 S. E. 775.

Exceptions overruled.

Judgment affirmed.

Mr. Justice Gage did not participate in the consideration of this case.