WESTERN UNION TELEGRAPH COMPANY v. CALDWELL.

Opinion delivered March 25, 1918.

TELEGRAPH COMPANIES—FAILURE TO DELIVER MESSAGE—DAMAGES—CONTRACT.—One K. telegraphed appellee that a stock of goods could be bought at a bargain. Appellee wished to buy the goods and was able to pay for the same and had requested K. to telegraph him. The message was not delivered and appellee did not get to make the purchase. *Held,* appellee could recover only the cost of the message, or nominal damages, in an action against the telegraph company, and could not recover lost profits.

Appeal from Pike Circuit Court; *John S. Lake,* Judge; reversed.

*Alfred T. Benedict, W. C. Rodgers* and *Rose, Heminway, Cantrell, Loughborough & Miles,* for appellant.

1. The message was not the acceptance of an offer to bind a contract, or the offer of terms for a contract. 37 Cyc. 1762c, 1761b, 1760.

2. It was merely a step in the negotiation for a contract. The damages are remote, and speculative. 58

· Ark. 29-33; 86 *Id.* 339; 92 *Id.* 133; 110 *Id.* 144; 37 Cyc. 176 (2), 1766; 44 S. E. 309; 106 N. W. 13; 48 So. 408; 43 S. E. 960; 169 S. W. 1027; 64 So. 933; 44 S. E. 310; 106 N. W. 13; 47 So. 412; 51 S. E. 290, and many others.

2. It was an unrepeated message and invalid. 121 Ark. 135; 192 S. W. 70; 91 S. E. 157, and others.

*W. T. Kidd,* for appellee.

1. The measure of damages is the difference between the price which the merchandise could have been bought at and the market value of the goods at the time and place. 98 Mass. 232; 84 S. W. 394; 67 Miss. 386; 73 Ark. 205; 85 *Id.* 473. See also 81 S. W. 581; 91 *Id.* 397; 134 Wis. 147; 73 Ark. 205; 37 Iowa 214; 53 Ark. 434.

2. Where a message is sent from one point in a State to a point within the State, it is an intrastate message, even if a State line is crossed. 121 Ark. 135; 236 U. S. 151; 104 N. E. 771; 100 Va. 459; 113 N. C. 213. See also, 58 S. W. 953; 110 Ark. 379.

STATEMENT OF FACTS.

S. S. Caldwell sued the Western Union Telegraph Company to recover damages which he alleged he sustained by reason of its negligent failure in delivering to him a telegram announcing the sale of a stock of goods. The material facts are as follows:

During April, 1917, S. S. Caldwell lived at Sparkman, Arkansas. About the first of the month he went to Murfreesboro, Arkansas, and examined a stock of goods which the owner contemplated selling. Caldwell had an understanding with W. T. Kidd to advise him if the stock of goods could be bought. In a few days after Caldwell had examined the goods the owner told W. T. Kidd that if he could get Caldwell in the next day or two he would sell him his stock of goods for $2,800.00. Thereupon Kidd delivered to the telegraph company for transmission the following message:

"S. S. Caldwell, Sparkman, Arkansas.

Stock of general mds. at bargain. Come at once. answer.                    (Signed) W. T. Kidd."

He informed the agent of the nature and character of the message. Caldwell was in Sparkman on the day the message was sent but it was not delivered to him. He was able to buy the goods and would have done so if the message had been delivered to him. The testimony showed that the goods were worth about $3,500.00.

The jury returned a verdict for the plaintiff in the sum of $200.00 and the defendant has appealed.

HART, J. (after stating the facts). Counsel for the defendant offered to confess judgment in the court below for the sum of $1.00 which was more than the price agreed to be paid for the transmission of the message. They contend that there should be no greater recovery in this case because the delayed telegram was merely a step in the negotiations for a contract. We think counsel are correct. The damages in cases of this character must not be uncertain or conjectural. Profits to be recovered must be such as would have accrued and grown out of the contract itself as the direct and immediate result of its fulfillment. Profits can not be recovered as damages if they result from an independent and collateral undertaking although entered into on the faith of the principal contract. *Fulkerson* v. *Western Union Telegraph Co.,* 110 Ark. 144; *James* v. *Western Union Telepraph Co.,* 86 Ark. 339, and *Western Union Telegraph Co.* v. *Fellner,* 58 Ark. 29.

In the present case the principal contract was the delivery of the message sent by Kidd to Caldwell announcing that a stock of general merchandise could be purchased at a bargain. An answer to the message would not have completed a contract for the purchase of the stock of goods. The owner would not have been bound to have sold the goods nor would Caldwell have been obligated to buy them. Either of them might have changed his mind before they entered into a binding contract in re-

gard to the purchase or sale of the stock of goods. So their contemplated contract was collateral to the main undertaking although it might have been brought about by the prompt delivery of the telegram. The failure of the telegraph company to deliver the message promptly only prevented a contract that might or might not have been made. Damages for failure to deliver the telegram were too remote and uncertain to admit of a recovery where, if it had been delivered promptly, it only gave the person to whom sent an opportunity to make a contract which he might or might not have made. *Beatty Lumber Co.* v. *W. U. Tel. Co.,* 44 S. E. (W. Va.) 309; *Bennett* v. *W. U. Tel. Co.,* 106 N. W. (Iowa) 13; *W. U. Tel. Co.* v. *Adams, etc.,* 47 So. (Miss.) 412; *W. U. Tel. Co.* v. *Webb & Smith,* 48 So. (Miss.) 408; *Richmond Hosiery Mills* v. *W. U. Tel. Co.,* 51 S. E. (Ga.) 290, and *W. U. Tel. Co.* v *Caumissar,* 169 S. W. (Ky.) 1026.

In Jones on Telegraph and Telephone Companies, (2 ed.) section 535, page 694, it is said that where the sender loses the opportunity to conduct a profitable speculation, or to secure contingent profits, he can not recover for these, although the company may have been informed of the nature and character of the message.

It follows that the plaintiff was only entitled to recover nominal damages or the price of the message. For the error in instructing the jury as to the measure of damages to be recovered by the plaintiff, the judgment must be reversed. The defendant offered to confess judgment in the court below for the sum of $1.00 and judgment will be entered here against it in favor of the plaintiff for that amount.

It is so ordered.