HARRIS *v.* WESTERN UNION TELEGRAPH COMPANY.

Opinion delivered October 7, 1918.

1. TELEGRAPHS AND TELEPHONES—CONTRACT EXEMPTING FROM LIABILITY—VALIDITY.—A stipulation in the contract of a telegraph company that it will not be liable for damages resulting from the incorrect transmission of an unrepeated interstate message is void.

2. SAME—NEGLIGENCE IN TRANSMITTING MESSAGE—DAMAGES.—A telegram addressed by plaintiff to brokers directed them to sell 10,000 bushels of corn and to buy same whenever the market either advanced or declined five cents, but as received the telegram read four cents

instead of five; the market advanced four cents when the brokers bought; it subsequently declined 8 cents; having bought on the advance, the brokers did not buy on the decline. *Held*, that plaintiff could not recover any profits which he might have made, being speculative and conjectural.

3. SAME—NEGLIGENCE—DAMAGES.—Where plaintiff by telegram directed his brokers to sell 10,000 bushels of corn, and to buy same when the market advanced or declined five cents, but as received the telegram substituted four cents for five, and the market advanced four cents, whereupon the brokers bought, and corn subsequently declined eight cents, the telegraph company is liable for the damages approximately resulting on that account.

Appeal from Dallas Circuit Court; *Turner Butler,* Judge; reversed.

*McCulloch & Jackson,* for appellant.

1. The judgment is contrary to law. The damages were not limited by the printed notice. This case is governed by 133 Ark. 184 and *B. & M. Ry.* v. *Piper,* April 15, 1918, Adv. Sheets Law Co-op., p. 461.

2. The judgment is contrary to the evidence. Appellant was entitled to $900 under the proof as his damages for negligence.

*Albert T. Benedict* and *Rose, Hemingway, Cantrell Loughborough & Miles,* for appellee.

1. No recoverable damage was alleged or proved. 65 Ark. 537, 540; 92 *Id.* 133-5. Plaintiff was bound to take reasonable steps to sell. 102 Ark. 246; 84 *Id.* 401; Sedg. Dam., § § 201-5; 37 Cyc. 1757; 65 Ark. 537; 61 *Id.* 613; 160 S. W. 991; 118 Ark. 13; 62 S. W. 1119; 141 Pac. 585; 86 S. E. 631.

2. Damages for an improper purchase of goods is the difference between the price paid and the market price of the goods at the time and place of purchase. 37 Cyc. 1763-5; 92 Ark. 133; 19 S. E. 100; 84 N. W. 1038.

3. No recovery can be had for failure to make this purchase, because such failure was not the direct, natural and probable consequence of the error, but is too remote. *W. U. Tel. Co.* v. *Caldwell,* 133 Ark. 184; 65 Ark. 537; 92 *Id.* 133; 86 *Id.* 339.

4. Plaintiff's loss was avoidable. He was advised of the mistake. 41 Ark. 79.

5. The court's finding is sustained by the limitations and conditions printed on the blank.

SMITH, J. Appellant, J. B. Harris, delivered to appellee, Western Union Telegraph Company, a message for transmission to Massey & Perrin, who were brokers and commission merchants in the city of Chicago. The message delivered to the company for transmission read: "Sell ten July corn stop five cents both ways." But, as delivered to the address in Chicago, it read: "Sell ten July corn stop four cents both ways." Because of the error stated, appellant claims to have sustained an actual money loss of $400, and a loss of profit of $500, and he brought this suit to recover these damages. The court below sat as a jury, by consent, and found that Harris was not entitled to recover any sum except the price of the message, and rendered judgment accordingly, and this appeal has been duly prosecuted.

The recovery of damages is resisted on two grounds: First, that the message was sent from Little Rock on one of the forms of the company limiting liability for unrepeated messages to the amount paid for sending, and limiting the amount of recovery in any event to $50, there being no greater value stated in the message; this blank form having been filed with the Interstate Commerce Commission by the telegraph company with its tariffs as a part of its rules and regulations. As a second defense, it was insisted that no recoverable damages were proved.

As to the validity of the limitation found on the back of the telegraph blank, it suffices to say that we considered this question very carefully in the case of *Des Arc Oil Mill Co.* v. *Western Union Tel. Co.*, 132 Ark. 335, 201 S. W. 273, and the conflicting views entertained by the members of the court are set out in the majority and dissenting opinions. The majority held against the validity of this limitation, and a recovery can not, therefore, be defeated in this case on that account.

Pursuant to the directions of the telegram, the broker sold 10,000 bushels of corn at $1.41 per bushel, which was the market price in Chicago at the time of the receipt of the telegram. The telegram was intended to give the additional direction to the brokers to buy 10,000 bushels of corn when the market went either up or down five cents; but, as received, it gave the direction to buy when the market went either up or down four cents. The market went up four cents before it went down, and the brokers bought when it reached that figure. After a further advance of one-fourth cent, without reaching an advance of five cents, the market declined as much as eight cents, and the brokers, having bought when it advanced four cents, did not buy on the decline.

As a result of the error stated, appellant says he was damaged in two respects. First, that inasmuch as he bought corn at $1.45, after having sold a corresponding quantity at $1.41, he lost four cents a bushel, or, in the aggregate, $400; and, in the next place, that since the market declined five cents before it advanced that much, the brokers would have bought at $1.36 if he had not previously bought at $1.45, and if he had done so, appellant would have made five cents per bushel, which he lost, in the aggregate $500.

The broker testified that the telegram was an "open order," which gave him no discretion about the disposition of the corn, and that the directions contained in the telegram as received were strictly complied with, and that the directions intended would have received the same exact attention had no mistake been made in the telegram.

The testimony affirmatively shows that actual delivery of the corn bought and sold was contemplated by the parties, and the transactions set out above were evidenced by elevator receipts for corn duly assigned.

No damage was asked on account of the 10,000 bushels which the broker was directed to sell, as there was no error in the telegram in that respect. The damage claimed relates to the corn which the broker was directed to buy.

The following cases discuss the principle on which such damages are allowed and the rule for the measurement thereof: *Western Union Tel. Co.* v. *Askew,* 92 Ark. 136; *Western Union Tel. Co.* v. *Love-Banks Co.,* 73 Ark. 205; *Brewster* v. *Western Union Tel. Co.,* 65 Ark. 539; *Western Union Tel. Co.* v. *Aubrey,* 61 Ark. 613; *James* v. *Western Union Tel. Co.,* 86 Ark. 339.

No judgment can be recovered because of the loss of profit, as it must always remain speculative what this profit would have been.   Even though it be conceded that, if the broker had not purchased at $1.45, he would have purchased at $1.36, still the profits are conjectural.   The market continued to go down until it reached $1.33, and if the transaction had been closed at that figure, there not only would have been no profit but there would have been a loss of three cents a bushel.   If the appellant had bought at $1.36 and the market had kept going down, he might have sold at a loss before it reached $1.33, or he might have sold when the market had so far recovered as to let him out whole, and we hold, therefore, that no recovery of profits can be had, for any finding in relation thereto must be speculative and conjectural.   *Brewster* v. *Western Union Tel. Co.,* 65 Ark. 539; *James* v. *Western Union Tel. Co.,* 86 Ark. 339; *Western Union Tel. Co.* v. *Caldwell,* 133 Ark. 184, 202 S. W. 232.

We have a different proposition as to the actual loss sustained.   The broker had no authority to purchase at $1.45, and would not have done so had the message been correctly transmitted, and the telegraph company is, therefore, liable for the damage approximately resulting on that account.   We are asked to make a finding of the damage on this account, but we decline to do so, for the reason that the court below, entertaining a different view as to the law of the case, made no finding on this subject, and upon a trial anew the testimony may more fully develop this point.

Judgment reversed and cause remanded.