WESTERN UNION TELEGRAPH COMPANY *v.* FLEMING.

Opinion delivered October 27, 1924.

1. TELEGRAPHS AND TELEPHONES—REQUIREMENTS AS TO FILING CLAIM. —A requirement in a contract for delivery of a telegram that the addressee should present his claim of damages to the telegraph company is complied with where he dictated his claim to the agent of the company.

2. TELEGRAPHS AND TELEPHONES—DAMAGES FOR DELAY IN DELIVERY OF MESSAGE.—Where a telegiam offering to buy apples stipulated no price, and there was no contractual relation between the sender and the addressee, damages for delay in delivery were too remote and conjectural to form the basis of a right to recover.

Appeal from Washington Circuit Court; *W. A. Dickson,* Judge; reversed.

*Francis R. Stark, Grant & Neal,* and *H. C. Mechem,* for appellant.

The telegram did not constitute a contract between the sender and sendee. 58 Ark. 29; 133 Ark. 184; 92 Miss. 849; 47 So. 412. It was merely an initial step looking to the negotiations of a contract. 136 Ark. 63; 65 Ark. 537.

Profits cannot be recovered, unless they are such as grow out of a contract perfected. 47 So. 412.

The plaintiff erred in not presenting his claim in writing within sixty days after the message was filed for transmission. 80 Ark. 562. Where an agent varies from the authority given him, the acts will not bind the principal. 8 Ark. 227; 92 Ark. 315; 94 Ark. 301; 100 Ark. 360.

A person dealing with an agent is bound to ascertain the nature and extent of his authority. 92 Ark. 315; 94 Ark. 301; 155 Ark. 224; 140 Ark. 306; 132 Ark. 155.

McCULLOCH, C. J. Appellee instituted this action against appellant to recover damages laid in the sum of $108.70, and alleged to have been sustained by reason of the negligent failure to deliver a telegraphic message. Appellant filed an answer denying the allegations of the complaint, and also pleading failure of appellee to present his claim for damages within the time specified by the contract. There was a trial of the issues before a jury, which resulted in a verdict in appellee's favor for the amount of damages claimed.

Appellee is a farmer and apple-grower near Springdale, in Washington County. In addition to marketing his own apple crop, he is engaged in the business of buying and selling apples, and, previous to the sending of the telegram which forms the basis of this controversy, appellee had had dealings with J. R. Sturdy, who lived at the town of Beebe, in White County. On October 31, 1922, Sturdy delivered to appellant a telegraphic message, addressed to appellee at Springdale, in words as follows: "Send me car of apples to Beebe, a few winesaps, quick. Answer. Wire. Will mail draft today." The message was transmitted to and received at appellant's office in Springdale, but was not delivered for four days, but the proof shows it could have been delivered, for appellee resided only a short distance from town, and had a telephone in his home.

According to the testimony, appellee did not have on hand any apples from his own orchard, but he had made an arrangement with another dealer, McClinton by name, to take from the latter a carload of apples at the prevailing price of $1.40 per bushel. If the telegram had been promptly delivered, appellee would have, according to his own testimony, sold to Sturdy the carload of apples he had engaged from McClinton, but, on account of the delay, McClinton sold the car of apples to another person, and apples advanced from $1.40 to $1.75 per bushel from the day on which the telegram was received at Springdale to the time of its delivery, four days later. When the message was delivered to appellee, he went into the market and purchased a carload of apples at the prevailing price of $1.75 per bushel, and sold them to Sturdy, but the evidence does not show what price he received for them. Appellee testified that he incurred an additional expense of $24 in handling the carload of apples.

It is first contended that the evidence does not establish appellee's right to recover, for the reason that he did not file his claim with the company's agent in accordance with the terms of the contract. Appellee testified that, as soon as he received the message and

discovered the delay in delivery, he went to McClinton to get the carload of apples which he engaged, but, finding that McClinton had sold the apples to another, he went to appellant's office in Springdale and there presented his claim for damages. He testified that he informed the agent of the details, and, not having his reading-glasses with him, he dictated the claim to the agent, who wrote it down. This was, we think, a substantial compliance with the terms of the contract, and appellee's right to recover is not defeated on account of the irregularity in failing to make out the claim himself.

It is next contended that the evidence is not sufficient to show any damages resulting from the negligent failure to deliver the message, and we think that this contention of counsel for appellant is sound. The delayed telegram did not, of itself, constitute a contract between the sender and sendee, but it was merely the initial step in negotiations for a contract of sale. The message stipulated no price, nor is there any proof that there was any contractual relation between appellee and Sturdy for a sale of apples. As a mere proposal to purchase, the damages for loss were too remote and conjectural to form the basis of a right to recover. *Western Union Tel. Co.* v. *Caldwell,* 133 Ark. 184. There being no proof of a contract for the sale at any given price, the parties may or may not have been able to agree on terms. The fact that they did subsequently agree upon terms and consummate a sale, presumably at a profit to appellee, does not form a basis for the recovery of damages. If appellee had been deprived, by the non-delivery of the telegram, of the opportunity to purchase the apples from McClinton so as to take advantage of the advance in the market, or if it had been shown that he had been deprived of the opportunity to consummate a sale with Sturdy, then he would be entitled to recover damages (*Western Union Tel. Co.* v. *Love Banks Co.,* 73 Ark. 205), but no such state of facts appears in the proof. Our conclusion therefore is that the evidence fails to establish the right to recover.

Reversed and remanded for a new trial.