No. 26,453.

E. T. SAVAGE, *Appellee*, v. WESTERN UNION TELEGRAPH COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

TELEGRAPHS AND TELEPHONES—*Damages—Loss of Contract of Employment—Speculative Damages.* The damages which a party may recover for failure of a telegraph company to deliver a message are such as naturally and ordinarily flow from the nonperformance. They must be capable of certain ascertainment and not speculative or contingent.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. The opinion filed February 6, 1926. Affirmed as modified.

*Charles Blood Smith,* of Topeka, and *Francis R. Stark,* of New York, N. Y., for the appellant.

*Henry E. Dean,* of Kansas City, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one for damages for failure to deliver a telegram. Plaintiff prevailed and defendant appeals.

The evidence showed these facts: Plaintiff lived at Merriam, near Kansas City. He was on the extra board of the Kansas City Terminal Railroad Company as a yardman and had been working about one-third of his time. He had been railroading since 1899; at one time held a position as yardmaster for the Santa Fe east of Kansas City. Not finding full time employment, he went to Winslow, Ariz., for three or four weeks. A. D. Williams was general yardmaster for the Kansas City Terminal R. R. Company. He had held that position and had had an office at the north end of the west corridor on the first (lobby) floor of the union station since 1915. He had received messages from the Western Union Telegraph Company as often as once a week from its office in the union station; sometimes every day. Mr. Wenk, trainmaster of the Chicago Great Western, needed a night yardmaster at Des Moines and asked Williams to furnish a man for the position, which paid $254 per month. Williams wired Savage:

"KANSAS CITY, Mo., Nov. 10, 1925.

*E. T. Savage, Navajo Hotel, Winslow, Ariz.*

If want N Y M job Des Moines, Ia., $254 per, answer quick.

A. D. WILLIAMS, Union Sta."

Telegraphs and Telephones, 37 Cyc. pp. 1749 n. 98, 1755 n. 35; 52 L. R. A. n. s. 1180.

Receiving no reply, he inquired at the office of the Western Union and had his chief clerk call them, but to no avail. After three or four days Mr. Wenk notified him that he could wait no longer. In the meantime the plaintiff, having received Williams' wire, wired back that he would accept, left his work in Arizona, and came to Kansas City. Williams explained that it was too late; that he had called the telegraph company a dozen times and had his clerk also call the downtown office and the office in the union station for an answer to his telegram, but the response was that the company had nothing. The following telegram had been received by the defendant at the Union Station but was not delivered:

"*Mr. A. D. Williams, Union Station, Kansas City, Mo.*

Will accept offer and be there as soon as possible. Ans. O. K. or not.

E. T. SAVAGE."

Plaintiff sued to recover:

Railroad fare and expenses traveling from Winslow to Kansas City, in the sum of ............................................. $75.00
Loss of time from his usual employment in the sum of................ 125.00
And the further loss by reason of his failure to get the job at Des Moines, Iowa, on account of the negligent failure of the defendant to deliver the message, in the sum of........................... 2,700.00

The jury returned a verdict for $450 and answered special questions as follows:

"1. If you find for the plaintiff in any amount state:

"(*a*) How much do you allow for railroad fare and traveling expenses? A. $49.

"(*b*) How much do you allow, if any, for loss of time from his usual employment? A. $29.

"(*c*) How much do you allow, if any, for loss by reason of his failure to get the job at Des Moines? A. $372."

The defendant contends that plaintiff failed to prove damages with any legal certainty; that where the degree of certainty is not established, nominal damages only may be allowed. The contention is ordinarily sound. When applied to the instant case it is good in part only. Williams had authority to employ plaintiff and at a certain rate per month, but for no definite time. If the plaintiff had been accepted the question of whether he was employed for a day, week or month would have rested with his employer, so there was a lack of proof showing loss of position for any definite period. The contract was defeasible at the will of either party. The jury awarded plaintiff $372 for loss by reason of his failure to get the

position. Upon what theory or for what period is not explained. It is obvious that the jury merely adopted an arbitrary figure. There was no basis for the finding that the loss was $372. The evidence, however, discloses with sufficient certainty the other two items of damage found by the jury to have been sustained by plaintiff: his railroad fare and traveling expenses of $49 and for loss of time from his usual employment of $29.

The judgment will be modified by reducing the amount of plaintiff's recovery to $78, and as so modified, is affirmed.