MYRTLE S. HAMEL, Respondent, *v.* THE WESTERN UNION TELE-GRAPH COMPANY, Appellant.

Third Department, June 30, 1931.

*John H. Walrath* [*Homer Brockett* and *Francis R. Stark* of counsel], for the appellant.

*Coley & Kiley* [*Edward A. Kiley* of counsel], for the respondent.

HILL, J. Plaintiff has recovered a judgment against the defendant upon the finding of a jury that adequate diligence and care were not exercised in transmitting a telegraphic message. Plaintiff was the owner of seventy-five shares of stock listed and traded in at the New York Stock Exchange. On June 12, 1929, while passing through Albany, she filed a night letter with the defendant, addressed to her brokers at Syracuse, in the following language: " Sell twenty-five shares Public Service of New Jersey at ninety-four

and one half or better." On the following morning two messages were delivered by the defendant to the brokers, each phrased as above, and identical in form, except that it appeared that one had been sent from Albany at twelve-thirty-one A. M. and the other at twelve-fifty-two A. M. The brokers treated each telegram as a separate order and sold fifty shares of stock. Plaintiff learned of the error about June seventeenth. Her recovery is the difference between the selling price of the additional twenty-five shares on June thirteenth, and the sum paid for like shares on July sixteenth. During the interim between the sale and repurchase, many letters and communications passed between the plaintiff and defendant. On June twenty-second the defendant stated that it had begun an investigation and that as soon as a report was received the defendant would advise plaintiff what, if any, error it had made. On June twenty-seventh the cause of the error had been learned and defendant communicated the facts to the plaintiff. Defendant also wrote on July third expressing belief that the brokers were negligent, but the letter concluded with this sentence: " Will you please at this time furnish an itemized statement of the alleged loss."

The telegraph company was bound to exercise adequate diligence and care in the transmission of this message. (*Weld* v. *Postal Telegraph-Cable Co.*, 199 N. Y. 88; *Hamilton Emp. Service, Inc.*, v. *N. Y. Tel. Co.*, 253 id. 468.) The jury was justified in finding that it had not done so and that this failure was the proximate cause of the sale of the second twenty-five shares of stock.

The defendant now asserts error in the charge on the question of damages, but at the trial no requests were made or exceptions taken. The court submitted to the jury the question whether plaintiff had repurchased the stock within a reasonable time after she learned of the error. If the facts were undisputed and different inferences could not reasonably be drawn from them, the question as to what was a reasonable time was one of law. (*Greenwich Bank* v. *Hartford Fire Ins. Co.*, 250 N. Y. 116. Cf. *Minor* v. *Beveridge*, 141 id. 399.) However, there was no error in submitting this question to the jury in view of the correspondence carried on between the parties. Defendant has no cause to complain of injustice in this finding, for under varying circumstances, for the purpose of establishing loss, fifteen to sixty days have been decided to be reasonable periods within which to repurchase stock sold through the wrongful act of another. (*Mayer* v. *Monzo*, 221 N. Y. 442.)

The judgment and order should be affirmed, with costs.

All concur.

Judgment and order affirmed, with costs.