Before damages may be recovered, such damages must be the natural and proximate consequences of the act complained of. The amended complaint herein falls far short of any allegations showing that any damage to plaintiff was the natural and proximate result of any act of defendant. It deals only with allegations concerning damages which are remote *Page 572 
and speculative. It does not state facts sufficient to constitute a cause of action. (Bashinsky v. Western Union Tel. Co.,1 Ga. App. 761, 58 S.E. 91; Clio Gin Co. v. Western Union Tel.Co., 82 S.C. 405, 64 S.E. 426; Bird v. Western Union Tel.Co., 76 S.C. 345, 56 S.E. 973; Beatty Lumber Co. v. WesternUnion Tel. Co., 52 W. Va. 410, 44 S.E. 309; Bass v. PostalTel.-Cable Co., 127 Ga. 423, 12 L.R.A. (n.s.) 489, 56 S.E. 465;Hibbard v. Western Union Tel. Co., 33 Wis. 558, 14 Am. Rep. 775; Western Union Tel. Co. v. Hall, 124 U.S. 444,31 L.Ed. 479, 8 Sup. Ct. Rep. 577; Johnson v. Western Union Tel. Co.,79 Miss. 58, 89 Am. St. Rep. 584, 29 So. 787; Smith v.Western Union Tel. Co., 83 Ky. 104, 7 Ky. Law Rep. 22, 4 Am. St. Rep. 126; Richmond Hosiery Mills Co. v. Western Union Tel.Co., 123 Ga. 216, 51 S.E. 290; Wilson v. Western Union Tel.Co., 124 Ga. 131, 52 S.E. 153; Walsen v. Western Union Tel.Co., 114 N.C. 440, 19 S.E. 366; Western Union Tel. Co. v.Adams Machinery Co., 92 Miss. 849, 47 So. 412; WesternUnion Tel. Co. v. Webb Smith, (Miss.) 48 So. 408; Hall
v. Western Union Tel. Co., 59 Fla. 275, 27 L.R.A. (n.s.) 639, 51 S.E. 819; McQuilkin v. Postal Tel.-Cable Co., 27 Cal.App. 698,151 P. 21; McKenry v. Western Union Tel. Co., 81 Cal.App. 258,253 P. 333; Savage v. Western Union Tel. Co.,120 Kan. 258, 242 P. 1015; Cody v. New York Telephone Co., (N.J.) 131 A. 221; Chapman v. Western Union Tel. Co.,90 Ky. 265, 13 S.W. 880; Western Union Tel. Co. v. Crall,38 Kan. 679, 5 Am. St. Rep. 795, 17 P. 309, on rehearing,39 Kan. 580, 18 P. 719.)
Specification of Error No. 2 deals with the court's decision upon appellant's objection to the following question: "And had this telegram been received by you, the one dated October 11, 1929, what, if anything, Mr. Davenport, would you have done with reference to the prior order to purchase those stocks that you had given?" Evidence such as was sought to be and was elicited by this question has been well christened "would have" testimony. It calls for opinion evidence based entirely upon the personal expression of a witness' mind which in turn is based upon an assumed fact in the past which never *Page 573 
happened. To concede the right of any party to litigation to prevail by the introduction of such testimony not only opens the door to the admission of testimony which is but the conclusion and opinion of the witness, but likewise encourages perjury, and at the same time places the opposing party at a hopeless disadvantage in that he cannot dispute or contradict that which a witness states he had in mind to do or not to do. (SeeMcQuilkin v. Postal Tel.-Cable Co., supra; Kiley v.Western Union Tel. Co., 39 Hun (N.Y.), 158, affirmed 109 N.Y. 231,16 N.E. 75; Newell v. Doty, 33 N.Y. 83, 94; Saxe v.Penokee Lumber Co., 159 N.Y. 371, 379, 380, 54 N.E. 14; Waugh
v. Fielding, 48 N.Y. 681; Barbour v. Western Union Tel.Co., 210 Ala. 135, 97 So. 136; Richmond Hosiery Co. v.Western Union, 123 Ga. 216, 51 S.E. 290; 37 Cyc. 1737, note 5.)
Had plaintiff on October 11 or 12 followed up his message of October 10 when he received no response thereto we may assume that he would have received some definite advice from the Siberling people regarding the purchase of the stocks in question. He thus would have had ample time within which to cancel his order, if he so desired, and save himself from financial loss. It is undoubtedly the rule that where plaintiff has suffered injury he must make reasonable effort to render the resulting damage as light as possible. (37 Cyc. 1757; Engelhard
v. Western Union Tel. Co., 176 Ky. 806, 197 S.W. 435; Miller
v. Southern P. Co., 266 Mo. 19, 178 S.W. 885.) In Jones on Telegraph Companies, section 320, it is said:
"One cannot stand by and see himself harmed when he could easily avoid the harm." (See, also, Weld v. Postal Tel.-CableCo., 199 N.Y. 88, 92 N.E. 415; Hart v. Western Union Tel.Co., 104 S.C. 475, 89 S.E. 387.) This court has on repeated occasions announced this to be the correct rule of law. (Tiggerman v. City of Butte, 44 Mont. 138, 119 P. 477;Sweeney v. Montana Central Ry. Co., 19 Mont. 163,47 P. 791; Ashley v. Rocky Mt. B. Tel. Co., 25 Mont. 286, *Page 574 64 P. 765.) We regard the failure of the court to so instruct the jury as prejudicial to appellant.
The trial court did not commit error in holding that the complaint stated a cause of action. (Rickards v. Aultman Taylor Machinery Co., 64 Mont. 394, 210 P. 82; Lahood v.Continental Tel. Co., 52 Mont. 313, 157 P. 639; Mize v.Rocky Mountain Bell Tel. Co., 38 Mont. 521, 129 Am. St. Rep. 659, 16 Ann. Cas. 1189, 100 P. 971; Western Union Tel. Co. v.Lawson, 182 Fed. 369, 105 C.C.A. 451; Swan v. Western UnionTel. Co., 129 Fed. 318, 67 L.R.A. 153, 63 C.C.A. 550; Pearsall
v. Western Union Tel. Co., 124 N.Y. 256, 21 Am. St. Rep. 662,26 N.E. 534; Harris v. Western Union Tel. Co., 136 Ark. 63,206 S.W. 52; Western Union Tel. Co. v. Osborn, 136 Ark. 68,206 S.W. 54; Henry v. Western Union Tel. Co., 73 Wn. 260, 46 L.R.A. (n.s.) 412, 131 P. 812; Strong v. Western UnionTel. Co., 18 Idaho, 389, Ann. Cas. 1912A, 55, 30 L.R.A. (n.s.) 409, 109 P. 910; Fields v. Western Union Tel. Co., 68 Or. 209,137 P. 200; Savage v. Western Union Tel. Co.,120 Kan. 258, 242 P. 1015; Wells v. Western Union Tel. Co.,144 Iowa, 605, 138 Am. St. Rep. 317, 24 L.R.A. (n.s.) 1045, 123 N.W. 371; Western Union Tel. Co. v. Green, 153 Tenn. 59, 48 A.L.R. 301, 281 S.W. 778; Bailey Co. v. Western Union Tel. Co.,227 Pa. 522, 19 Ann. Cas. 895, 43 L.R.A. (n.s.) 502, 76 A. 736;Leonard v. New York A. B. Electro etc. Tel. Co., 41 N.Y. 544, 1 Am. Rep. 446; Western Union Tel. Co. v. Church, 3 Neb. (Unof.) 22, 57 L.R.A. 905, 90 N.W. 878; Wells v. Western UnionTel. Co., 144 Iowa, 605, 138 Am. St. Rep. 317, 24 L.R.A. (n.s.) 1045, 123 N.W. 371; C.B. Nash Co. v. Western Union Tel. Co.,98 Neb. 210, 152 N.W. 387; Western Union Tel. Co. v. Ford,8 Ga. App. 514, 70 S.E. 65; Western, Union Tel. Co. v. Merritt,55 Fla. 462, 127 Am. St. Rep. 169, 46 So. 1024; Cain v.Western Union Tel. Co., 89 Kan. 797, 133 P. 874; ShawneeMilling Co. v. Kansas Postal Tel.-Cable *Page 575 Co., 101 Kan. 307, L.R.A. 1917F, 844, 166 P. 493; Jones on Telegraph and Telephone Companies, 2d ed., secs. 27, 536; 26 R.C.L., sec. 102; 3 Sutherland on Damages, 3d ed, sec. 969.)
Appellant complains of the action of the court in permitting the respondent to answer, over its objection, what he would have done had the telegram of October 11 been delivered to him promptly, as it should have been. The weight of authority is that such evidence is admissible. (Latham v. Western Union Tel.Co., 75 S.C. 129, 55 S.E. 134; Battle v. Western Union Tel.Co., 151 N.C. 629, 66 S.E. 661; Western Union Tel. Co. v.Austlet, 53 Civ. App. 264, 115 S.W. 624; Hasbrouck v.Western Union Tel. Co., 107 Iowa, 160, 70 Am. St. Rep. 181, 77 N.W. 1034; Western Union Tel. Co. v. Lawson, 182 Fed. 369, 105 C.C.A. 451; Western Union Tel. Co. v. Sights,34 Okla. 461, Ann. Cas. 1914C, 204, 42 L.R.A. (n.s.) 419, 126 P. 234;Cain v. Western Union Tel. Co., 89 Kan. 797, 133 P. 874, at 877.)
There is no question of the soundness of the doctrines that one injured by the negligence of another must use reasonable efforts to minimize his damage. There is not a suspicion in the record that the respondent did not do this; appellant has not pointed out any failure on the part of the respondent to do this, except to argue that he should have held the stock to see whether or not it would advance in price. The presumption is that he did what the law required him to do; there is not a word of evidence offered on the part of the appellant from which it could be inferred that he could have minimized his damages and did not do so.
This is an action to recover damages for failure to deliver a telegram. Plaintiff recovered verdict and judgment for $500. Defendant's motion for new trial was denied, and it appealed from the judgment. *Page 576 
The main contention is that the complaint does not state facts sufficient to constitute a cause of action. In it plaintiff alleges that in September and October, 1929, he, with the knowledge of defendant, had been in communication by telegraph with "Siberling Business Service" of Berkeley, California, with reference to investments in stocks, bonds and other securities; that he followed the advice of that firm in making investments; that the communications were carried on through defendant as a common carrier of messages; that on October 8, in reply to an inquiry by plaintiff, the "Siberling Business Service" sent a telegraph message through and by defendant from Berkeley, California, to plaintiff in Butte, Montana, reading: "Buy Pacific Gas Electric around 79 Consolidated Gas around 148"; that upon receipt of the message on October 8, and pursuant to the advice contained in it, plaintiff placed an order with Logan Bryan, stock-brokers in Butte, to buy twenty-five shares Pacific Gas Electric at $78 per share, and twenty-five shares Consolidated Gas at $147 per share; that the order was not executed until October 14 and 16, respectively; that, after the order was executed, plaintiff paid the total sum of $5,638.25 as the purchase price of the stock, together with the broker's commission, and received the certificates of stock; that on October 11 "Siberling Business Service" transmitted through defendant the following message addressed to plaintiff: "Delay commitments now until further advised." This message, it is alleged, was received at the office of defendant in Butte on October 11 at 10:55 A.M., but was not delivered to plaintiff until after the plaintiff had purchased the stock, though his address and whereabouts were, or in the exercise of reasonable care should have been, known to defendant, and that plaintiff was then in Butte at his usual residence.
The complaint further alleges that the message was important, and known by defendant to be so; that, had it been delivered to plaintiff within a reasonable time after it reached the office of defendant in Butte, plaintiff would have canceled his order for the stock, and would not have made the purchases; *Page 577 
that plaintiff did not learn of the message until after he had made the purchases; that thereafter the market value of the stock began, and continued, to decline, and plaintiff was compelled to and did sell the stock on October 31, resulting in a loss of $1,480.65; that on November 6, plaintiff notified defendant in writing of his loss, and made claim for $1,500 damages for failure to deliver the message of October 11; that defendant has failed and refused to pay plaintiff anything on account thereof, and judgment is sought in the sum of $1,480.65, together with interest.
Defendant contends that there is nothing on the face of the[1] telegram of October 11 to notify defendant of its importance or to advise plaintiff not to purchase the stocks at the prices specified in the message of October 8, but at most it advised plaintiff not to purchase at the prices prevailing on October 11.
It is of no consequence that the message did not on its face reveal its importance. Plaintiff had the right to prove the importance of the message and defendant's knowledge thereof by evidence aside from what appears on the face of the message. (26 R.C.L. 605, note 1; Faulkner v. Western Union Tel. Co.,223 Mo. App. 228, 13 S.W.2d 1088.) The sufficiency of the proof in that respect is not questioned, nor could it be in view of the evidence presented.
Nor do we think the telegram of October 11 must be construed[2] as advising against commitments at the prices prevailing on that day, as distinguished from the prices specified in the message of October 8. In effect, it advised against all commitments until further advised. Plaintiff alleged in his complaint that, had he received the message, he would have canceled the order to purchase the stocks in question. This was an allegation of an ultimate fact, capable of proof not alone by what appeared on the face of the message of October 11, but by proof such as he in fact made, viz., that he had confidence in the Siberling Business Service; that he acted on advice given him by that company; that on October 10 he sent a message through the defendant at its Butte office *Page 578 
to the Siberling Business Service reading, "Didn't get stocks. Wire if you approve those or other purchases now," and that he understood the reply, "Delay commitments now," to mean, "Don't purchase anything."
Defendant also contends that the complaint is defective in[3, 4] this: That it alleges that plaintiff was compelled to sell the stock on October 31 without alleging why he was compelled to do so, and without alleging that the price obtained was the highest obtainable price on that day. Whether plaintiff was compelled to sell the stock is immaterial. He had a right to do so, as we shall hereafter point out.
We need not pause to determine whether plaintiff pleaded his proper measure of damages. Under the allegations made by him, he suffered a loss of $1,480.65. The court, by its instructions, limited plaintiff to a recovery of the sum of $500 because of the stipulations under which the message was sent. Had the shares of stock been sold for approximately $20 per share more than plaintiff actually received for them, he would still have sustained a loss equal to that found by the jury. A complaint is sufficient to withstand a demurrer if it warrants recovery in any amount. (Grant v. Nihill, 64 Mont. 420, 210 P. 914.)
"Where a complaint does not set up the true measure of damages, it may be subject to a special demurrer on that ground, but if it discloses a violation of the plaintiff's legal rights in some respect by the defendant, it is good as against a general demurrer, and evidence is properly admissible thereunder as to the true measure of damages." (Rickards v. Aultman Taylor M.Co., 64 Mont. 394, 210 P. 82.)
The next attack upon the complaint is that it does not show[5-7] that the damages sustained were the proximate result of defendant's failure to deliver the message. Interwoven with this contention is the further claim that the damages are too remote, uncertain and speculative to form the basis of a recovery, and that they are of such a nature that they could not have been contemplated as likely to follow from defendant's failure to deliver the message. *Page 579 
"A carrier of messages for reward must use great care and diligence in the transmission and delivery of messages." (Sec. 7845, Rev. Codes 1921.) "For the breach of an obligation arising from contract, the measure of damages * * * is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." (Sec. 8667, Id.) And "for the breach of an obligation not arising from contract, the measure of damages * * * is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." (Sec. 8686, Id.)
The addressee of a telegraphic message may sue to recover damages caused by delay in delivering it. In a proper case the action may be either upon contract or in tort. (Lahood v.Continental Telegraph Co., 52 Mont. 313, 157 P. 639.) Whether the action is for breach of contract or for breach of the carrier's public duty is often one that presents some difficulty, and depends upon the allegations of the complaint. (Jones on Telegraph and Telephone, 2d ed., sec. 503, and sec. 478.)
The importance of knowing the nature of the action — whether upon contract or in tort — is because the amount of damages to be recovered, and the ground upon which it is allowed under each, is different. (Jones on Telegraph and Telephone, 2d ed., sec. 478;Western Union Tel. Co. v. Green, 153 Tenn. 59, 48 A.L.R. 301, and note, 281 S.W. 778.) This is made plain in this state by our statutes. (Secs. 8667 and 8686, Rev. Codes 1921.) But so far as this case is concerned it need not be determined whether the action is for breach of an obligation arising from contract, or for breach of the carrier's public duty. It should be remembered that we are not concerned with anticipated profits but only with actual losses sustained by plaintiff. We may assume that the character of the action is that most favorable to defendant, viz., that it is based upon the breach of an obligation arising from contract. In such a case, under section 8667, the measure of *Page 580 
damages "is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." If the message is sufficiently plain to indicate that it relates to a business transaction of importance, and that loss will probably result unless it is promptly delivered, recovery will not be limited to nominal damages. (Jones on Telegraph and Telephone, 2d ed., sec. 539.)
"It is not necessary that the company be informed of all the facts and circumstances pertaining to the business transaction about which the message is sent, in order for this rule to hold good. It is enough if there are sufficient facts disclosed by the face of the message to indicate its importance, and the probable consequences of its failure in not being received by the addressee as delivered to the company." (Jones on Telegraph and Telephone, 2d ed., sec. 540, and see 3 Sutherland on Damages, 3d ed., sec. 969.)
And "there is good authority for the proposition that, `by reason of the peculiar nature of the telegraph company, and the duties it undertakes to the public, the very fact of a communication being sent by telegraph gives notice that expedition is the main object in view; so that it is not necessary to bring to its attention the circumstances which call for sending the message without delay, or even to couch the message in language which may be understood.'" (Western UnionTel. Co. v. Green, supra, and cases there cited.) In any event, the carrier need not be apprised of the exact amount of loss likely to result from delay in delivery. (26 R.C.L., sec. 102, p. 605, note 20; 3 Sutherland on Damages, 4th ed., sec. 970.)
Likewise, it is the rule, as above pointed out, that whether messages are sufficient to inform the carrier of their meaning and of the possible risk of loss by mistake "is not to be determined solely by the dispatches themselves, but all the facts and circumstances, including previous messages sent by the operator for the same person, may be considered." (26 R.C.L., p. 605, note 1; and see Faulkner v. Western Union *Page 581 Tel. Co., supra.) In other words, the extent of the knowledge gained from the face of the undelivered message depends upon the character of previous messages between the parties of which the carrier has knowledge, and especially is this so when the undelivered message is in reply to another, as here.
As above stated, the complaint alleged that the message was an important one to plaintiff, and known to be so by defendant. So far as the complaint is concerned, sufficient is alleged which, if true, apprised defendant of the fact that in the ordinary course of things some damages would likely result to plaintiff if the message was not delivered. The complaint is sufficient. We may say, in passing, that the proof was ample to sustain the allegations in this respect.
The night manager of defendant testified: "I think Mr. Davenport's messages are stock messages and are important. We consider them important; I consider them important. As an employee of the Western Union, I consider those messages important. I gather from the conversation that he had with me in the office of the Western Union, in which he requested they be 'phoned to himself or Mrs. Davenport, that he desired as expeditious delivery as could possibly be had of the message. That was the impression I got." Also, its importance and the fact that loss might reasonably be expected to flow from delay in its delivery are apparent, when it is noted that the message of October 11 was in answer to an inquiry of plaintiff to the Siberling Business Service through the defendant on October 10, as follows: "Didn't get stocks. Wire if you approve those or other purchases now."
Defendant next contends that the court erred in permitting[8] plaintiff to testify, over its objection, that, if he had received the telegram of October 11, he would have canceled his order to purchase the stocks. While there is a conflict among the authorities, the weight of authority permits plaintiff to introduce testimony as to what the sendee of the message would have done had he received the undelivered message. (WesternUnion Tel. Co. v. Sights, 34 Okla. 461, Ann. Cas. 1914C, 204, 42 L.R.A. (n.s.) 419, 126 P. 234; Carter v. Western *Page 582 Union Tel. Co., 141 N.C. 374, 54 S.E. 274; Bright v. WesternUnion Tel. Co., 132 N.C. 317, 45 S.E. 841; Elam v. WesternUnion Tel. Co., 113 Mo. App. 538, 88 S.W. 115; Cain v.Western Union Tel. Co., 89 Kan. 797, 133 P. 874; PostalTel.-Cable Co. v. Nail, 12 Ala. App. 317, 66 So. 903;Western Union Tel. Co. v. Chappelle, 180 Ark. 422, 66 A.L.R. 195, 21 S.W.2d 964; Western Union Tel. Co. v. OldsmobileSales Co., (Tex.Civ.App.) 250 S.W. 221; Willis v. WesternUnion Tel. Co., 69 S.C. 531, 104 Am. St. Rep. 828, 2 Ann. Cas. 52, 48 S.E. 538.) This is also the rule where plaintiff is himself the sendee. (Doster v. Western Union Tel. Co.,77 S.C. 56, 57 S.E. 671; Thorp v. Tel. Co., 118 Mo. App. 398,94 S.W. 554; Swan v. Tel. Co., (C.C.A.) 129 Fed. 318, 67 L.R.A. 153; Faulkner v. Tel. Co., 223 Mo. App. 228,13 S.W.2d 1088; Western Union Tel. Co. v. Norris, 25 Tex. Civ. App. 43,60 S.W. 982; Western Union Tel. Co. v. Stone, (Tex.Civ.App.) 283 S.W. 259; Battle v. Western Union Tel. Co.,151 N.C. 629, 66 S.E. 661; Hasbrouck v. Western Union Tel. Co.,107 Iowa, 160, 70 Am. St. Rep. 181, 77 N.W. 1034.)
Defendant insists that the evidence shows plaintiff was guilty[9] of contributory negligence in failing to follow up his message of October 10 with another message, and therefore he cannot recover. This was raised on motion for nonsuit and motion for directed verdict. We think it cannot be said, as a matter of law, that it was incumbent upon plaintiff to do more than he did to relieve himself of the imputation of contributory negligence. The evidence shows that he called at the office of defendant on October 11 and made inquiry if there was any message for him and received a negative answer. The court properly overruled the motions and properly submitted the case to the jury.
The contention is also made that the evidence does not show[10] the necessity for selling the stock on October 31. The evidence shows that plaintiff paid Siberling Business Service the sum of $250 per year for furnishing him with advice regarding his investments. He had implicit confidence in that *Page 583 
firm. On October 31 he called at defendant's office to receive the message of October 30, and at that time learned for the first time of the message of October 11. The message of October 30 advised him to sell everything he had. It was tantamount to an opinion by Siberling Business Service — which subsequent events proved well founded — that the market price of all stocks was about to decline.
The question then is, Was plaintiff justified in selling his shares of stock immediately after learning of defendant's failure to deliver the message, or was it incumbent upon him to hold them, and, if so, how long? We think plaintiff was justified under the law to choose his own time for selling the stock, where, as here, there was nothing to indicate that a reasonably careful and prudent person would not have done so, providing he must in any event have done so within a reasonable time after learning of the error. (Hamel v. Western Union Tel. Co.,233 App. Div. 77, 251 N.Y. Supp. 559.) He sold immediately upon discovering the error, and this he had a right to do.
Other assignments of error have been considered by us, and we find no cause for disturbing the verdict and judgment.
The judgment is affirmed.
MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and MATTHEWS concur. *Page 584